# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2721 | **DATE** | November 26, 2003 |
| **CASE TITLE** | Gavin v. AT&T & Georgeson Shareholder Commun., Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendants' motion to dismiss [5-1] is granted as to the state law claims (Counts I through IV), and denied as to the federal claims (Counts V and VI). Gavin may have until December 10, 2003 to file an amended complaint consistent with this order. Defendants may have until January 26, 2004 to answer or otherwise plead. ENTER MEMORANDUM OPINION.

(11) x [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| X | Notices MAILED by judge's staff. | | **DEC 0 1 2003** | |
| | Notified counsel by telephone. | | date docketed | 72 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to _____ | | date mailed notice | |
| KAM | courtroom deputy's initials | | KAM | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

(Reserved for use by the Court)

01-2721.031-TCM                                November 26, 2003

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

**DOCKETED**

DEC 0 1 2003

| | |
|---|---|
| LILA T. GAVIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    No. 01 C 2721 |
| | ) |
| AT&T CORP. and GEORGESON | ) |
| SHAREHOLDER COMMUNICATIONS, INC., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Before the court is defendants AT&T Corp. and Georgeson

Shareholder Communications, Inc.'s (together, "defendants") motion

to dismiss plaintiff Lila Gavin's amended complaint in its entirety

pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the

reasons set forth below, defendants' motion is granted in part, and

denied in part.

**BACKGROUND**

A.      **Factual Allegations**

The following facts, drawn from the amended complaint, are

taken as true for purposes of this motion.  In 1998, Gavin was a

U.S. West Media Group ("U.S. West") shareholder.  That year, U.S.

West split off from U.S. West, Inc. and merged with Media One, and

Gavin's U.S. West shares became exchangable for Media One shares on

a one-for-one basis.  Gavin did not exchange her U.S. West shares

for Media One shares.  Subsequently, in June 2000, Media One merged

72

with AT&T. As a result of this merger, holders of Media One shares (and therefore, holders, such as Gavin, of unexchanged U.S. West shares) were entitled to exchange each of their shares (either Media One or U.S. West) for 0.95 shares of AT&T stock and $36.27 in cash.

On December 15, 2000, AT&T, through its agent Georgeson, sent a uniform notice to all U.S. West shareholders, including Gavin, soliciting them to exchange their shares for the AT&T package. The notice states, in relevant part:

> We have retained Georgeson Shareholder
> Communications, Inc. to assist you in
> claiming your shares and cash. We urge
> you to claim these shares now. You may
> choose to have the AT&T shares due you
> sold on the open market or have them
> sent to you. To defray the cost of
> providing you with this service, a
> processing fee of $7 per AT&T share
> due you will be deducted from the
> additional cash payment of $36.27 per
> US WEST Media Group share you are due,
> and paid to Georgeson Shareholder
> Securities Corporation, member of NASD
> and SIPC.

> \* \* \*

> There is no benefit in continuing to
> hold your old shares. Eventually, if you
> continue to do nothing, your stock and
> underlying assets will be turned over to
> certain state authorities under the
> abandoned property laws.

Following receipt of this notice, Gavin exchanged all of her 235 U.S. West shares, through Georgeson, for AT&T shares plus cash. In doing so, Gavin incurred a $7 "processing fee" for each AT&T share

she received.

Defendants, through the notice, failed to inform Gavin and other U.S. West shareholders of other less costly means of effecting the exchange. For instance, Gavin and the other U.S. West shareholders could have avoided administrative costs altogether by exchanging their shares directly through "AT&T's Shareowner Services." In addition, the notice falsely suggests that U.S. West shareholders had to exchange their shares both immediately and through Georgeson, or face losing their entire investment.

The U.S. West – AT&T share exchange at issue here falls under Georgeson's self-titled "post-merger clean-up" service that it provides to acquiring corporations (such as AT&T). This service – by which Georgeson solicits post-merger holders of the acquired corporations' stock to exchange their shares at excessive per share administrative fees, when the holders typically are entitled to the same service by the acquiring corporation at no charge – is a major source of revenue for Georgeson. For Gavin, the $7 per share fee amounted to more than 19% of the total $36.27 per share cash payment she was due.

## B.     Procedural History

The procedural history to this case is somewhat more involved. Gavin, on March 8, 2001, filed a putative class action in the Circuit Court of Cook County, Illinois on behalf of herself

and others who similarly exchanged their U.S. West shares for the AT&T package through Georgeson. Gavin's complaint alleged four counts: (i) a fraud claim pursuant to the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505, *et seq.*, for intentionally inducing Gavin and other prospective class members to exchange their shares for "commercially unreasonable and unnecessary fees;" (ii) a common law fraud claim for intentionally concealing material facts "which were necessary for Plaintiff and other members of the Class to make an informed decision regarding the exchange of their U.S. West Media Group shares;" (iii) a common law fraudulent inducement claim for knowingly inducing Gavin and other prospective class members to exchange their shares for commercially unreasonable fees; and (iv) common law breach of fiduciary duty and constructive fraud claims for making fraudulent misrepresentations and omissions regarding the "exchange of stock pursuant to the terms of the merger," and alleging that Gavin and other prospective class members "would not have agreed to the proposed transaction had full and fair disclosure been made by Defendants." Each of the four counts was pled against both defendants.

On April 18, 2001, defendants timely removed Gavin's suit to this court pursuant to 28 U.S.C. § 1441(b), alleging jurisdiction under 28 U.S.C. § 1331 on the basis that the state law claims alleged in the complaint are preempted by the Securities

Litigation Uniform Standards Act of 1998, 15 U.S.C. §§ 78bb(f), *et seq.* ("SLUSA").[1]  The case was assigned to our colleague, Judge Nordberg.  Shortly thereafter, defendants filed a motion to dismiss based on preemption, and days later, Gavin filed a motion to remand on the grounds that the state claims did not implicate SLUSA. Judge Nordberg, on January 23, 2002, denied Gavin's motion to remand and granted defendants' motion to dismiss.  See <u>Gavin v. AT&T Corp., et al.</u>, No. 01 C 2721, Minute Order (N.D. Ill. Jan. 23, 2002).[2]  Gavin was given 28 days to file an amended complaint that asserted a claim under the federal securities laws.  See <u>id.</u>  On

---

[1]Under SLUSA, federal court is the exclusive venue for certain statutorily-defined, or "covered," class actions alleging fraud in connection with the sale or purchase of similarly "covered" securities.  <u>See</u> 15 U.S.C. §§ 77p, 78bb(f).  <u>See generally</u> <u>Beneficial Nat'l Bank v. Anderson</u>, – U.S. – , 123 S.Ct. 2058, 2063, 156 L.Ed.2d 1 (2003) ("When the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law.").

[2]Briefly, Judge Nordberg found that the state claims would be preempted under SLUSA if: (i) the underlying suit is a covered class action, (ii) the claim is based on state law, (iii) the claim concerns a covered security, and (iv) the plaintiff alleges deceptive or manipulative statements or omissions in connection with the purchase or sale of the security. <u>See</u> <u>January 23, 2002 Minute Order</u> (<u>citing</u> <u>Prager v. Knight/Trimark Group, Inc.</u>, 124 F.Supp.2d 229, 231 (D.N.J. 2000)).  The fourth factor – here, whether the exchange of Gavin's U.S. West shares for AT&T shares and cash constituted a purchase or sale of securities – was the only contested issue.  Judge Nordberg, siding with defendants, held that "the exchange of shares during a merger is a purchase/sale for purposes of the antifraud provisions of the securities laws."  <u>Id.</u> (<u>citing</u> <u>Davidson v. Belcor, Inc.</u>, 933 F.2d 603, 606 (7th Cir. 1991)).  In the end, Judge Nordberg's finding of SLUSA preemption compelled both the denial of Gavin's remand motion and the granting of defendants' dismissal motion.

February 25, 2002, Gavin filed a motion for extension of time to file an amended complaint.  On February 28, Judge Nordberg entered and continued the motion until March 7, 2002.

Also on February 28, 2002, Gavin filed with Judge Nordberg a motion to amend the January 23, 2002 dismissal order by certifying it for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b).  Finding it a "close question," Judge Nordberg ultimately granted Gavin's certification motion, reasoning that "[t]he law is sufficiently undeveloped in this area that a definitive statement from our appellate court would be more than helpful," and further, that "such a decision has the potential to 'head off protracted, costly litigation.'"  See Gavin v. AT&T Corp., et al., No. 01 C 2721, Minute Order (N.D. Ill. Apr. 18, 2002) (quoting Ahrenholz v. Bd. of Trustees of the Univ. of Illinois, 219 F.3d 674, 676 (7th Cir. 2000)).  The case was ordered stayed pending resolution of any proceedings before the Seventh Circuit.  See id.

Gavin petitioned the Seventh Circuit for leave to file an interlocutory appeal pursuant to section 1292(b), marking what would become the first of several unsuccessful bids for appellate review.  By order dated June 3, 2002, the Seventh Circuit denied Gavin's petition without explanation.  See In re. Gavin, No. 02-8008, Order (7th Cir. June 3, 2002).  Gavin moved for reconsideration of the order.  On July 15, 2002, the Seventh Circuit denied Gavin's motion for reconsideration, explaining:

"[w]e denied Lila T. Gavin's petition for permission to appeal because we concluded that granting the petition would not materially advance the ultimate termination of the litigation." In re. Gavin, No. 02-8008, Order (7th Cir. July 15, 2002). In denying Gavin's motion for reconsideration, the Seventh Circuit also provided Gavin with instructions on alternative routes to section 1292(b) for obtaining appellate review:

> The district court dismissed Ms. Gavin's complaint without prejudice to refiling in 30 days as an action under the federal securities laws. Conditional orders of dismissal such as the one in this case become final for purposes of 28 U.S.C. 1291 once the time to satisfy the condition expires. Albiero v. City of Kankakee, 122 F.3d 417, 418(7th Cir. 1997); Otis v. City of Chicago, 29 F.3d 1159, 1165-66 (7th Cir. 1994) (en banc). Once the time to satisfy the condition expires, finality springs into existence, even in the absence of a judgment entered pursuant to Federal Rule of Civil Procedure 58. See Otis, 29 F.3d at 1166. Alternatively, a litigant wishing to immediately appeal a dismissal without prejudice can file a notice of appeal and request that the district court enter a Rule 58 judgment, or allow the deadline to file an amended complaint to pass. See Albiero, 122 F.3d at 420. In this case, Ms. Gavin retains the option of standing on her complaint and immediately appealing as of right.

In re. Gavin, No. 02-8008, Order (7th Cir. July 15, 2002).

Thereafter, Gavin filed with the Seventh Circuit a Notice and Appeal, and with Judge Nordberg, a pleading titled "Combined Advice of Plaintiff's Election to Stand on her Complaint and Notice

of Immediate Appeal as of Right," ostensibly pursuant to 28 U.S.C. § 1291. The Seventh Circuit, on December 30, 2002, dismissed Gavin's appeal as premature because Judge Nordberg had yet to dispose of Gavin's motion for extension of time to file her amended complaint, a necessary precursor to finality, and thus appealability, absent the entry of a Rule 58 Judgment. See Gavin v. AT&T Corp., et al., No. 02-3023, Order (7th Cir. Dec. 30, 2002). Put simply, the Seventh Circuit found that "the district court has not demonstrated that it is done with the case." Id.

On January 22, 2003, Gavin returned to the district court, and filed with Judge Nordberg a "renewed" motion to amend the January 23, 2002 order certifying it for interlocutory appeal. Gavin moved, in the alternative, for leave to file an amended complaint to state a claim under the federal securities laws. On March 24, 2003, Judge Nordberg denied Gavin's certification motion "because the Seventh Circuit has already clearly stated that it does not believe that allowing an interlocutory appeal would materially advance the ultimate termination of the litigation," but reluctantly granted Gavin a second 28-day extension within which to file her amended complaint. See Gavin v. AT&T Corp., et al., No. 01 C 2721, Minute Order (N.D. Ill. Mar. 24, 2003).

On April 11, 2003, Gavin filed an amended putative class action complaint. One month later, on May 12, the case was reassigned to this court pursuant to 28 U.S.C. § 294(b).

Defendants have now moved to dismiss Gavin's amended complaint.

## DISCUSSION

Gavin's amended complaint alleges two new claims under the federal securities laws: first, a "failure to disclose" claim under SEC Rule 10b-5 against both defendants, and second, an "excessive markup" claim, also under Rule 10b-5, against Georgeson. Gavin's amended complaint also re-alleges the identical four state law claims that on January 23, 2002 were dismissed as preempted by SLUSA. Defendants contend that all six claims should be dismissed.

We first address the state claims. Defendants argue that Gavin's state law claims should be dismissed, for a second time, because they already have been dismissed as preempted by SLUSA. Gavin counters that she has re-alleged the state claims in her amended complaint only to "preserve" them for appellate review. In support, Gavin cites to the so-called "Foxcroft rule," under which, Gavin maintains, failure to re-allege dismissed claims in an amended complaint effectively waives any objection to the dismissal of those claims on appellate review. See Gavin Surreply, p. 2 (citing Foxcroft Townhomes Owners Assn v. Hoffman Rosner Corp., 96 Ill.2d 150, 154, 70 Ill.Dec. 251, 449 N.E.2d 125 (1983)).

Gavin's position is misguided. Whatever the requirements of the Foxcroft rule may be, it is a creature of state law, and thus has no place under the federal pleading standards which govern this case. Moreover, contrary to Gavin's position, the Seventh

Circuit has made clear, time and again, that a litigant need not replead dismissed claims to preserve them for appeal:

> It is not waiver – it is prudence and
> economy – for parties not to reassert
> a position that the trial judge has
> rejected.  Had the plaintiffs repleaded
> their [dismissed claim], the judge would
> have dismissed the charge, not only with
> prejudice, but with annoyance.

Bastian v. Petren Resources Corp., 892 F.2d 680, 682-83 (7th Cir. 1990); see also Smith v. Nat'l Health Care Services of Peoria, 934 F.2d 95, 98 (7th Cir. 1991) ("This court in Bastian stated that dismissed claims need not be included in an amended complaint, because the final judgment brings up all previous rulings in the case."); Serritella v. Markum, 119 F.3d 506, 512 n.6 (7th Cir. 1996) ("[Plaintiff's counsel's] concern that he was required to replead the dismissed claim lest he be found to have waived the issue on appeal has no foundation in the law of this Circuit (or any other of which we are aware).").  In light of this unequivocal Seventh Circuit precedent, Gavin's state claims are dismissed again.

Proceeding to Gavin's federal claims, both are curiously labeled as "contingent" counts, "effective upon a final determination that these claims are pre-empted and governed by federal law."   Defendants argue that because of their "contingent" status, the federal claims should be dismissed as not stating any present claims.   Gavin's peculiar characterization

appears to be rooted in a misunderstanding that Judge Nordberg's January 23, 2002 Order was somehow "contingent" upon further action by Judge Nordberg or the Seventh Circuit. That confusion appears to have cleared, as Gavin now acknowledges that "under this court's order in January 23, 2002, the court held that the state claims are preempted by federal law; therefore, Plaintiff's Counts V and VI (the federal claims) are the operative counts in this court, at this time." Gavin Resp. Br., p. 2.

*All* parties know there is nothing "contingent" about Gavin's federal claims and that they are presently in play. With that said, we expect any future pleading to be free of any "contingent" labels or similar distractions.

## CONCLUSION

Accordingly, defendants' motion to dismiss is granted as to the state law claims (Counts I through IV), and denied as to the federal claims (Counts V and VI). Gavin may have until December 10, 2003 to file an amended complaint consistent with this order. Defendants may have until January 26, 2004 to answer or otherwise plead.

DATE:    November 26, 2003

ENTER:    _____

John F. Grady, United States District Judge