# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2721 | **DATE** | September 29, 2004 |
| **CASE TITLE** | Gavin v. AT&T & Georgeson Shareholder Commun., Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendants' motions to dismiss [81-1, 84-1] are denied. The parties may have until October 27, 2004 to supplement their filings at which time the court will convert defendants' motions into ones for summary judgment. Plaintiff's motion for class certification [61-1] and for appointment as lead plaintiff and approval of her selection of lead counsel [63-1, 76-1] are denied without prejudice to re-filing in the event summary judgment is denied. ENTER MEMORANDUM OPINION.

(11) x_____ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | **FILED** | number of notices | Document Number |
| x | Notices MAILED by judge's staff. | SEP 3 0 2004 | | |
| | Notified counsel by telephone. | SEP 2 9 2004 | date docketed | 94 |
| | Docketing to mail notices. | MICHAEL W. DOBBINS | JXM | |
| | Mail AO 450 form. | CLERK, U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to _____ | | date mailed notice | |
| KAM | courtroom deputy's initials | Date/time received in central Clerk's Office | KAM mailing deputy initials | |
| | | (Reserved for use by the Court) | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
SEP 3 0 2004

LILA T. GAVIN, )
)
      Plaintiff, )
)
      v. ) No. 01 C 2721
)
AT&T CORP. and GEORGESON )
SHAREHOLDER COMMUNICATIONS, INC., )
)
      Defendants. )

## MEMORANDUM OPINION

Before the court are defendants' motions to dismiss the Second Amended Complaint. We presume familiarity with the background facts and procedural history, which are set out in detail in our order of November 26, 2003.

In support of their motions to dismiss, defendants have attached several pieces of evidentiary material, consideration of which we believe may materially advance the litigation. These items include: a June 1998 US West proxy statement; a June 15, 1998 notice sent by MediaOne to its shareholders regarding exchanging their US West shares for shares of MediaOne; an August 1999 MediaOne proxy statement; a June 15, 2000 notice sent by AT&T to MediaOne shareholders (including those, like Gavin, still holding unexchanged US West shares) regarding exchanging their shares for AT&T shares; and an August 1, 2000 notice sent by AT&T to MediaOne and US West shareholders that included instructions regarding the

share exchange process.

As a general rule, when reviewing a motion to dismiss, the court cannot consider material outside the complaint without treating the motion as one for summary judgment. See Fed.R.Civ.P. 12(b). Defendants, however, urge that the court may consider all of their attachments because they are either "matters of which the court may take judicial notice (including documents filed with the SEC)" or "documents central to the complaint." (See Georgeson Mot., p. 2, n. 2.) We disagree. As to defendants' first contention, it is true that on a motion dismiss the court may consider evidence of which it can take judicial notice, and that includes SEC filings. See Anderson v. Simon, 217 F.3d 472, 474-75 (7th Cir. 2000) ("In ruling on a 12(b)(6) motion, a district court may take judicial notice of matters of public record without converting the 12(b)(6) motion into a motion for summary judgment.") However, of the items listed above, only the two proxy statements fall into the category of public records. With regard to defendants' assertion that we may consider matters "central to complaint," that only states one half of the relevant inquiry: "[D]ocuments attached to a motion to dismiss are considered part of the pleadings if *they are referred to in the plaintiff's complaint* and are central to his claim." Levenstein v. Salafsky, 164 F.3d 345, 347 (7th Cir. 1998) (emphasis added). Here, defendants' submissions appear to be "central to the complaint," but not one is

-3-

expressly referenced therein, and therefore they are beyond the scope of the pleadings. Accordingly, we will convert defendants' motions to dismiss into motions for summary judgment.

But before doing so, we will give the parties until October 27, 2004 to supplement their briefs with evidence, if any, relevant to the materials defendants have attached to their motions. See Fed.R.Civ.P 12(b); Chicago Bd. of Ed. v. Substance, Inc., 354 F.3d 624, 627 (7th Cir. 2003) ("To convert [a] motion to dismiss into a motion for summary judgment, the judge would have had to notify [the parties] of his intention and give [them] an opportunity to present evidence that would create a triable issue.").

DATE: September 29, 2004

ENTER: _____
John F. Grady, United States District Judge