**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LILA T. GAVIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )          No. 01 C 2721 |
| | ) |
| AT&T CORP. and GEORGESON | ) |
| SHAREHOLDER COMMUNICATIONS, INC., | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM OPINION

Before the court is plaintiff Lila T. Gavin's motion for leave to contact putative class members to seek a substitute class representative. For the reasons stated below, the motion is denied.

### DISCUSSION

We presume familiarity with the facts and procedural history of this case. See Gavin v. AT&T Corp., No. 01 C 2721, 2005 WL 1563122 (N.D. Ill. June 7, 2005); Gavin v. AT&T Corp., No. 01 C 2721, 2003 WL 22849128 (N.D. Ill. Dec. 1, 2003).

On June 7, 2005, we entered summary judgment for defendants on all claims except the claim that Georgeson violated Rule 10b-5 when its telephone agents allegedly misrepresented to US West shareholders that it provided the exclusive means of exchanging their shares. The result of our opinion was that Gavin, the only named plaintiff, had no claim because she did not make any

telephone inquiries of Georgeson. Gavin therefore was not suited to be lead plaintiff of any alleged class.[1] This led to the present motion by Gavin's counsel for leave to contact putative class members to find a new class representative.

The crux of Gavin's counsel's motion is simple – since Gavin does not have a claim, he wants to find another plaintiff who can represent the alleged class. The problem, however, is that after our ruling on the summary judgment motions, it is clear that there is no viable class. Gavin's second amended complaint ("SAC") alleges two separate classes. The first is the "US West class," defined as:

> All residents, or persons or legal entities deemed to be residents of the fifty states and the District of Columbia, other than employees, officers, and directors of AT&T Corp. and Georgeson Shareholder Communications, Inc. who were charged a per-share fee by Georgeson Shareholder Communications, Inc. for exchanging their certificates or shares of U.S. West Media Group for certificates or shares of AT&T and cash.

(SAC, ¶ 7.) The only individuals in this class who may have claims are those who telephoned Georgeson and still ended up paying a fee. Georgeson has submitted an uncontested affidavit stating that there are only 16 such people (who paid fees totaling $6,884.50). One of the prerequisites for class certification under Rule 23(a) is that

---

[1] We deferred ruling on Gavin's motion for class certification until after we decided the summary judgment motions.

"the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). The facts are relatively simple, and we see nothing about the case that would make joinder of a maximum of 16 plaintiffs "impracticable." The numerosity requirement therefore cannot be satisfied.[2]

The SAC alleges a second class consisting of:

> All residents, or persons or legal entities deemed to be residents of the fifty states and District of Columbia, other than employees, officers and directors of Georgeson Shareholder Communications, Inc., who were charged a per-share fee by Georgeson Shareholder Communications, Inc. upon the reissuance of certificates under Georgeson's "post-merger cleanup" program.

(SAC, ¶ 7.) This proposed class attempts to corral any shareholder

---

[2]In addition to the numerosity problem, there are other issues which cast doubt on the propriety of certifying the US West class. First, Georgeson has offered evidence that a majority of the 16 putative class members reside in New York and New Jersey, and none reside in Illinois. This raises the question whether a class action in this court is "superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3) (court is to consider "the desirability or undesirability of concentrating the litigation of the claims in the particular forum"); see also 28 U.S.C. § 1404(a). Second, since our June 7 ruling limited the claims to those based on Georgeson telephone agents' alleged oral representations, there is a significant issue as to whether there are common questions of law or fact that predominate over questions affecting individual class members. See Fed. R. Civ. P. 23(a)(2) and (b)(3); Marcial v. Coronet Ins. Co., 880 F.2d 954, 957-58 (7th Cir. 1989) (class action inappropriate where court must determine what defendants said to each member of the proposed class); Washington Nat'l Ins. v. Jefferies & Co., No. 89 C 2216, 1990 WL 251916, at *2-3 (N.D. Ill. Dec. 20, 1990) (same); 5 J. Moore, et al., Moore's Federal Practice, § 23.45[5][a][iii], p. 23-220 (3d ed. 2004) ("Courts frequently deny certification in securities-fraud class actions that assert fraudulent conduct consisting of oral misrepresentations . . . . reason[ing] that oral representations are likely to vary from purchaser to purchaser, so that individual questions, not common questions, predominate.").

who has ever paid a fee under one of Georgeson's post-merger cleanup ("PMC") programs. This class is pulled from thin air. The complaint alleges no facts regarding any Georgeson PMC program other than the one performed in connection with the US West transaction. This case is, and has always has been, solely about that transaction.[3]

In sum, the proposed US West class cannot meet Rule 23(a)'s numerosity requirement, and the alternative "any shareholder" class has absolutely no factual basis in the complaint. Because we see no prospect of a class certification in this case, Gavin's counsel's motion for leave to find a substitute class representative is denied. This, of course, leaves us with only an individual action on which judgment has been entered. Accordingly, we will enter a Rule 58 judgment terminating this case.

## CONCLUSION

For the foregoing reasons, Gavin's motion for leave to contact putative class members to seek a substitute class

---

[3]At a status hearing held two days after the present motion was filed, Gavin's counsel requested discovery concerning any "other similar transactions in which Georgeson handled the post-merger cleanup." (June 22, 2005 Tr., p. 14.) This request is denied. Without any allegations regarding these other hypothetical transactions, it would be nothing more than a fishing expedition in an attempt to dig up other class-worthy claims. See Reed v. Bowen, 849 F.2d 1307, 1313-14 (10th Cir. 1988) (affirming denial of attorney's request for discovery of putative class members to identify potential intervenors to prevent dismissal of the action, and noting that such discovery would be "a use of the power of the court to solicit claims").

representative [116-1] is denied.

DATE:   October 19, 2005

ENTER: _____

John F. Grady, United States District Judge