**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LILA T. GAVIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No: 01 C 2721 |
| ) | |
| AT&T CORP. and GEORGESON ) | |
| SHAREHOLDER COMMUNICATIONS, INC., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

Pending before the court is the plaintiff Lila T. Gavin's motion for attorney's fees, pursuant to 28 U.S.C. § 1447(c), for the defendants' allegedly unreasonable removal of this case from state court. On the appeal of the merits, the Seventh Circuit held that the fraud alleged by the plaintiff was not "in connection with" the purchase or sale of MediaOne stock within the meaning of the Securities Litigation Uniform Standards Act ("SLUSA"), so that there was no federal question entitling the defendants to removal. Gavin v. AT&T Corp., 464 F.3d 634 (7th Cir. 2006). The case was reversed with instructions to dismiss. Id. The question of attorney's fees was not before the Court.

In an order of May 14, 2007, we ruled that the defendants are liable for fees because they had "lacked an objectively reasonable basis for seeking removal," the test expressed in Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). We cited the numerous statements in Judge Posner's opinion in Gavin indicating that the exchange of shares in this case could not reasonably be considered to have occurred "in connection with" the merger. We concluded that "this language

from the Seventh Circuit opinion is thoroughly inconsistent with any notion that there was an objectively reasonable basis for the removal. The opposite conclusion is compelled by the Court's language." Order of May 14, 2007 at 4. We ordered the parties to proceed with an effort to determine the appropriate amount of fees in accordance with our Local Rule 54.3. Id. at 4-5.

The parties were unable to agree on a reasonable amount of fees, and plaintiff has now filed a voluminous fee petition seeking $574,623.50 in attorney's fees and $39,445.34 in costs allegedly incurred as a result of the removal. Defendants have responded to the motion on the merits and, in addition, have asked for reconsideration of the May 14, 2007 order holding that the removal had been objectively unreasonable.

We believe the motion for reconsideration is deserving of attention. Plaintiff objects that it comes too late, having been filed more than 10 days after May 14, 2007. But the order of May 14 was not a final, appealable order and can be changed at any time before final judgment. As the Court observed in Diaz v. Indian Head, Inc., 686 F.2d 558, 562-63 (7th Cir. 1982):

> As Professor Moore has observed:
>
>> Since a lower court cannot by its law of the case bind a higher court having appellate jurisdiction over it, the only sensible thing for a lower federal court . . . to do is to set itself right instead of inviting reversal above, when convinced that its law of the case is substantially erroneous.
>
> Moore's Federal Practice ¶ 0.404[1], at 407 (1982) (footnotes omitted).

Defendant's motion to reconsider is based on two post-Gavin Seventh Circuit cases not previously considered by this court.[1]

---

[1]A second basis for the motion is the argument that this case presents "unusual circumstances," within the meaning of the Supreme Court's decision in Martin, that would relieve
(continued...)

The first of the cases is Lott v. Pfizer, Inc., 492 F.3d 789 (7th Cir. 2007). The issue was whether the defendant, Pfizer, had had an "objectively reasonable basis" for removing a case that had been filed in state court before the enactment of the Class Action Fairness Act ("CAFA"). The Act provided that it applied only to "civil action[s] commenced on or after the date of enactment." The defendant argued that "commenced" meant the date the case was removed to federal court, not the date it had been filed in state court. The district court agreed with the plaintiffs' argument that "commenced" meant the date of filing in state court and remanded the case for lack of subject matter jurisdiction. The court later awarded attorney's fees under § 1447(c), citing Seventh Circuit case law that fees and costs should be awarded as "normal incidents of remands for lack of jurisdiction." Id. at 791. The defendant moved for reconsideration, citing the Supreme Court's decision in Martin that fees should be awarded only where the removing party lacked an "objectively reasonable basis" for seeking removal. The district court denied the motion, and the defendant appealed the fee award.

The Seventh Circuit opinion, written by Judge Flaum, noted that the Supreme Court had no occasion in Martin to define "objectively reasonable" because the parties had agreed that the defendant's basis for removal was reasonable. The Martin Court did cite case law suggesting, however, that objective reasonableness might be determined by "examining the clarity of the law at the time the notice of removal was filed." 492 F.3d at 792. Following up on the Supreme Court's

---

[1](...continued)
the defendants from the payment of fees. 546 U.S. at 141. The "unusual circumstance" is that, after remand, plaintiff filed an amended complaint in state court that included a RICO count, thus indicating that she knew all along that she should have been in federal court. We reject this argument. Plaintiff was the master of her complaint, and her choice not to assert a federal claim back in 2001 is neither unusual or nor the kind of circumstance discussed by the Court in Martin.

implication, the Seventh Circuit opinion referred to what it regarded as an analogous an situation where the courts look to the clarity of case law:

> Of course, there are other contexts in which courts determine whether an act is objectively reasonable by examining the clarity of the case law. The qualified immunity doctrine assumes that state officials are aware of existing case law and holds officials liable only if they violate clearly established and particularized rights. The doctrine balances society's desire to punish those who knowingly violate the law with a need for zealous law enforcement, and, as such, allows state officials to make reasonable errors without worrying about being sued.

Id. at 792-93 (citations omitted). The Court observed that "Martin's objectively reasonable standard – like the qualified immunity doctrine's objectively reasonable standard – also balances competing interests. . . . Indeed, just as the qualified immunity doctrine attempts to protect zealous law enforcement, the removal statute encourages litigants to make liberal use of federal courts, so long as the right to remove is not abused." The Court went on to conclude:

> As a general rule, if, at the time the defendant filed his notice in federal court, clearly established law demonstrated that he had no basis for removal, then a district court should award a plaintiff his attorney's fees. By contrast, if clearly established law did not foreclose a defendant's basis for removal, then a district court should not award attorney's fees.

Id. at 793. The Court then analyzed the state of the law at the time Pfizer filed its notice of removal. No court of appeals had rejected Pfizer's argument that the word "commenced" means the date on which a case is removed to federal court. There was a split in district court rulings, but district court decisions do not render the law "clearly established." Id. Accordingly, the Court held that Pfizer acted reasonably when it attempted to remove the case under CAFA. Id. Concluding that the "test is whether the relevant case law clearly foreclosed the defendant's basis of removal," the Court reversed the district court's award of attorney's fees. Id. at 794.

4

At the time the defendants removed this case from state court, there was, of course, no case law holding that an exchange of shares could not be considered to be "in connection with the purchase or sale of a covered security," namely stock in MediaOne. There were the cases Judge Posner cited in <u>Gavin</u>, 464 F.3d at 639-40, which stood for ". . . the general point . . . [that] a mere 'but for' cause linking a securities transaction . . . to a subsequent injury . . . does not make the injury one suffered 'in connection with the purchase or sale of securities.'" Judge Posner was not addressing the question of fees and did not have occasion to consider whether these cases would, in the words of <u>Lott</u>, "clearly establish" that a post-sale exchange of shares was not in connection with the sale.

We are unable to say with assurance that these "but for" cases "clearly foreclosed" the defendants' basis for removal, <u>see</u> <u>Lott</u>, 492 F.3d at 794. The <u>Lott</u> decision emphasized the need to accommodate competing considerations – encouraging proper removals while at the same time discouraging improper ones – and drew an analogy to the rule that public officials have qualified immunity unless they violate "clearly established and <u>particularized</u> rights," (emphasis added) <u>Id.</u> at 792. Judge Posner's opinion in <u>Gavin</u> makes clear that defendants did not have a reasonable basis for removal, but that is not the same as saying that at the time of removal there was case law clearly establishing that fact. <u>Gavin</u> itself seems to be the case that establishes the law applicable to this "particularized" situation (post-sale exchanges).

Interpreting <u>Lott</u> in this manner may be troublesome in one respect. There is an indefinite variety of transactions that could arguably be "in connection with" a sale, and most of them have not been addressed by any decided case. Would this mean that defendants in state cases would be entitled to a cost-free removal effort even in situations where no reasonable person could find a

5

"connection" to a sale of a covered security? Perhaps the answer is that a rule of reason would apply. There might be a sliding scale, starting with events that are so clearly unconnected to the sale in any reasonable way that no case law should be required (e.g., Judge Posner's example in Gavin of the paper cuts, 464 F.3d at 639) and ranging up to transactions that, in the absence of appellate authority directly on point, could reasonably be argued to be "in connection with" the sale. In the latter instances, Lott seems to indicate that an award of fees would be inappropriate.

The second case cited by the defendants in their request for reconsideration is Wisconsin v. Amgen, Inc., No. 07-1999, 208 WL 281798 (7th Cir. Feb. 4, 2008). The case is of heightened significance because the opinion was written by Judge Posner. The suit was brought by the State of Wisconsin in state court, charging fraud under Wisconsin state law. The defendants removed the case three times to federal district court, and on the third remand the district court assessed fees. The asserted basis for removal was a provision of the removal statute, 28 U.S.C. § 1446, which allows removal following receipt by defendant of a paper from which it may be first ascertained that the case has become removable. The defendants (including one named Dey) removed the third time on the basis of a complaint that had been filed against them under the federal False Claims Act in the District Court of Massachusetts. The Seventh Circuit agreed with the district court that § 1446 "refers . . . to pleadings, etc. filed in the suit sought to be removed, not in some other suit ('amended' is a clue)." 2008 WL 281798 at *3.

Dey argued in support of removal that a provision of the False Claims Act "would have allowed Wisconsin to bring its fraud suit in a federal district court because the suit is related to the federal suit pending in Massachusetts," and it pointed out that "there are economies from trying

6

related suits together." Id. The Court rejected this argument, pointing out that if the Act were to be interpreted as Dey suggested, there would be a question as to its constitutionality. Id.

It appears from the Amgen opinion that the Court regarded the defendants' position as unreasonable. However, the fee award was reversed because only one court of appeals decision had "squarely addressed" the issue, and that was from another circuit and in dictum besides:

> All this said, because the issue of removability of a suit arguably brought within federal jurisdiction by section 3732(b) as a result of the subsequent filing of a suit under the False Claims Act has been squarely addressed in only one previous appellate opinion and that of another circuit – and in dictum, at that – we do not think that Dey can be faulted for having attempted to remove the suit the third time.

Id. at *4 (citation omitted). Despite the fact that the Court could find nothing meritorious about the defendants' position, the "paucity of appellate authority gave Dey a reasonable basis for removing." Id.

## **CONCLUSION**

Putting Lott and Amgen together, our conclusion is that the lack of appellate authority addressing post-sale exchanges gave the defendants "a reasonable basis for removing." Amgen, 2008 WL 281798 at *4. The arguments advanced by the defendants in this case do not seem more unmeritorious than those advanced by the defendants in Amgen. Therefore, we do not think their arguments are of a kind that, even in the absence of appellate authority, can be considered objectively unreasonable within the meaning of Lott.

We will vacate the Order of May 14, 2007 and deny the plaintiff's motion for costs and attorney's fees.

7

DATE: March 17, 2008

ENTER: _____
John F. Grady, United States District Judge